UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GOLDEN, formerly known as ALIREZA SOLEIMANI,<br><br>          Petitioner,<br><br>     v.<br><br>KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General of the United States; THOMAS GILES, Los Angeles Field Office Director Bureau of Immigration and Customs Enforcement; JAMES PILKINGTON, Assistant Field Office Director; and WARDEN, THE GEO GROPU INC. DESERT VIEW ANNEX<br><br>          Respondents. | Case No. 5:26-cv-00142-JWH-SP<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 2]** |

Petitioner Al Golden filed a petition for writ of habeas corpus against Respondents Kristi Noem, Pamela Bondi, Thomas Giles, James Pilkington, and Warden of The Geo Group Inc. Desert View Annex (collectively, "Respondents") for allegedly unconstitutionally detaining him at his recent annual check-in at the Immigration and Customs Enforcement ("ICE") Santa Ana Field Office.[1]

Before the Court is Golden's application for a temporary restraining order ("TRO") ordering his immediate release from ICE detention.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[3] the Court **GRANTS** the Application, for the reasons set forth below.

## I. BACKGROUND

Golden is a native and citizen of Iran.[4] Golden entered the United States as a visitor in 2001.[5] In 2003, Golden was granted voluntary departure by an Immigration Judge.[6] However, Golden was later ordered removed after he failed to depart the United States during the allotted removal period.[7] Golden was released, and the Department of Homeland Security placed him under an order

---

[1] Pet. for Writ of Habeas Corpus (the "Habeas Petition") [ECF No. 1].

[2] Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 2].

[3] The Court considered the documents of record, including the following papers: (1) Habeas Petition; (2) Application; and (3) Resps.' Response to the Application (the "Response") [ECF No. 8].

[4] Habeas Petition 3:3.

[5] *Id.* at 3:4.

[6] *Id.* at 3:5.

[7] *Id.* at 3:6–7.

of supervision, permitting him to remain in the United States and granting him employment authorization.[8]

From 2003 until his most recent January 2026 detention, Golden resided and worked in Los Angeles and Orange County, California, and he consistently reported to the ICE Santa Ana Field Office, per the instructions from his Enforcement and Removal Operations officer.[9]

On January 8, 2026, Golden was arrested after he appeared for his annual check-in at the ICE Santa Ana Field Office.[10] Golden was then subsequently transferred to the Desert View Annex of the Adelanto Detention Facility in Adelanto, California.[11]

On January 13, 2026, Golden filed his Habeas Petition and Application alleging that his continued detention is a violation of his Fifth Amendment Due Process rights.[12] Respondents do not oppose the relief that Golden seeks in his Application.[13]

## II. LEGAL STANDARD

To obtain a temporary restraining order, a petitioner must establish the same elements as when he seeks a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Those elements are: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance

---

[8] *Id.* at 3:8–10.
[9] *Id.* at 3:11–14.
[10] *Id.* at 3:15–16.
[11] *Id.* at 3:16–17.
[12] *See generally id.*
[13] *See* Response.

-3-

of equities tips in his favor, and (4) that an injunction is in the public interest. *See BOKF, NA v. Estes* 923 F.3d 558, 561-62 (9th Cir. 2019).

### III.  ANALYSIS

**A.  Likelihood of Success on the Merits**

The Court concludes that Golden is likely to succeed on the merits. Through his Application, Golden alleges that Respondents have violated his procedural due process rights. The Court finds that Golden has met his burden to show that he is likely to succeed in establishing that his procedural due process rights have been violated.

The Court must begin by determining if due process applies to Golden. "The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Here, the Court concludes that Golden has a right to due process because he is a person within the United States.

After determining that due process applies, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by due process, a district court considers the three-part *Mathews* test:  (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens" imposed by the additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

For the first *Mathews* factor, the court determines the private interest at stake. When examining this factor, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Golden has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Golden.

For the second *Mathews* factor, the court must determine the risk of an erroneous deprivation. "[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents took Golden into immigration custody without notice or warning after he arrived for his annual check-in, without providing him with any opportunity to contest his detention before a neutral decisionmaker. Without a bond or custody hearing, the risk of erroneous deprivation is high. Therefore, this factor favors Golden.

For the third *Mathews* factor, the court must look at the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Golden without first providing notice and hearing is minimal because the effort and cost required to provide Golden with procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Golden.

The Court, having found that all *Mathews* factors favor Golden, concludes that procedural due process requires a pre-deprivation hearing before an Immigration Judge before Golden may be detained.

Because Golden was denied a pre-deprivation hearing before an Immigration Judge, the Court concludes that Golden is likely to succeed on the merits of his procedural due process claim.

### B.   Irreparable Harm

The Court concludes that Golden is likely to suffer irreparable harm in the absence of preliminary relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Golden is in ICE custody, and he has not been afforded the opportunity to be heard by a neutral decisionmaker on whether detention is warranted. Without such review, it is possible for Golden to remain in custody indefinitely. Therefore, Golden's procedural due process rights have been violated, and he will likely suffer irreparable harm in the absence of a TRO.

### C.   Balance of the Equities and the Public Interest

Finally, the Court concludes that the balance of equities tips in Golden's favor and that a TRO is in the public interest. In cases in which "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In determining a balance of the equities, "[t]he government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Here, the balance of equities favors Golden because Respondents cannot assert that they are being harmed by being enjoined from committing constitutional violations. Likewise,

a TRO is in the public interest because it will prevent the continued violation of Golden's constitutional rights.

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Golden's Application for Temporary Restraining Order [ECF No. 2] is **GRANTED in part** and **DENIED in part**.

2. Specifically, Respondents are **TEMPORARILY ENJOINED AND RESTRAINED** from continuing to detain Golden.  Respondents are **DIRECTED** to release Golden **FORTHWITH**.  To the extent that Golden requests other relief in his Application, that request is **DENIED without prejudice**.

3. In view of this Court's grant of Golden's Application, Golden is **ORDERED** to **SHOW CAUSE** in writing no later than January 30, 2026, why this case should not be dismissed for mootness.

4. Respondents are **GRANTED** leave to file an optional reply no later than February 6, 2026.

5. An Order to Show Cause Hearing on why the Habeas Petition should not be dismissed for mootness is **SET** for February 13, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.  Counsel for each of the parties are **DIRECTED** to appear in person at that date and time.

**IT IS SO ORDERED.**

Dated: January 22, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE